UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NOH HAILE,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-01260-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WILLIAM BARR,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. ECF No. 1) filed by *pro se* Petitioner Noh Haile (A#201682813) ("Haile"). Haile requests that he not be transferred from the LaSalle ICE Processing Center in Jena, Louisiana during the pendency of this proceeding. The Court construes this request as a Motion for Temporary Restraining Order ("TRO").

Because Haile does not allege any immediate and irreparable injury, loss, or damage, and because Haile provides no other legal justification to enjoin a potential transfer, the Motion for TRO (ECF No. 1) should be DENIED.

I.   **Background**

Haile alleges that he is a native and citizen of Eritrea. Haile is presently detained in the custody of the Bureau of Immigration and Customs Enforcement ("ICE").

On the merits, Haile seeks habeas relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 7. Meanwhile, Haile asks the Court to enjoin ICE from transferring him while this proceeding is ongoing.

II.  **Law and Analysis**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.

Haile has failed to comply with the basic requirements of Rule 65. Haile has not submitted an affidavit or a verified complaint. And Haile does not allege that immediate or irreparable injury, loss, or damage will occur without a TRO prohibiting his transfer to another facility.

Those requirements aside, no other circumstances warrant injunctive relief. Haile does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). Haile is proceeding *pro se*. As a result, a transfer would not necessarily implicate his rights to access the courts or to consult with counsel. To the contrary, courts routinely adjudicate similar petitions on the briefs, without the need for in-person hearings, and without petitioners' physical presence in a nearby facility.

Moreover, and in substance, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). Haile thus has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### III. Conclusion

Because Haile does not allege that he faces any immediate and irreparable injury, loss, or damage, and because Haile provides no legal justification for injunctive relief, IT IS RECOMMENDED that the Motion for TRO (ECF No. 1) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 5, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE