a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NOH HAILE #A201-682-813, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01260 SEC P |
| VERSUS | JUDGE JOSEPH |
| WILLIAM BARR, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Noh Haile ("Haile"). Haile is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at the LaSalle ICE Processing Center in Jena, Louisiana. ECF No. 8.

Because Haile's continued detention is not unconstitutional, his Petition (ECF No. 1) should be DENIED and DISMISSED.

I. Background

Haile alleges that he is a native and citizen of Eritrea. He entered the United States seeking asylum on April 1, 2019, and he has remained in custody since that date. ECF No. 8-1 at 2.

An asylum officer determined that Haile had a credible fear of persecution. However, at a subsequent hearing, the immigration judge determined that, despite Haile testifying credibly in all respects, Haile did not demonstrate a sufficient nexus

1

of fear of persecution and a protected ground for asylum. ECF No. 8-1 at 7-8. Therefore, Haile was ordered removed.

Haile requested parole, which was denied because Haile did not establish that he is not a flight risk. ECF No. 8-2 at 46. Specifically, it was determined that Haile did not have substantial ties to the community and that no conditions of parole would ensure Haile's appearance at required immigration hearings. ECF No. 8-2 at 46.

ICE reviewed Haile's custody status on October 29, 2019, noting that Haile's removal was "expected in the reasonably foreseeable future." ECF No. 8-2 at 52. More than one year has passed, and Haile is still detained.

Haile alleges that the Eritrean government does not have a diplomatic relationship with the United States. ECF No. 8-1 at 5. He alleges that, despite his cooperation, Eritrea has not issued travel documents for his removal. Haile claims that Eritrea considers individuals who flee the country as traitors, making it "virtually impossible" for him to obtain a travel document from the Eritrean Consulate. ECF No. 8-1 at 5.

The Government responded to the Petition with a Declaration of Assistant Field Office Director Scott G. Ladwig. ECF Nos. 16, 16-1. According to the Declaration, a travel document request was submitted to the Eritrean Embassy, but it was returned on September 4, 2019 based on Haile's failure to provide his national ID number. ECF No. 16-1 at 2. On September 23, 2019, ICE Enforcement and Removal Operations ("ERO") was advised that Eritrea required 30-45 days to provide

an update on the status of the travel document. *Id.* A custody review was conducted in October 2019, and a decision to continued detention was made. *Id.*

ERO attempted to contact the Eritrean Embassy on October 29, 2019 with no response. *Id.* ERO then contacted the Office of Removal and International Operations ("RIO") for an update on the travel document. On February 21, 2020, ERO was informed by RIO that more biographical information about Haile was required to obtain a travel document. *Id.* On March 9, 2020, just before the global COVID-19 pandemic interrupted travel, ERO sent a sworn statement to RIO containing the biographical information. ERO requested another update on the travel document request on April 28, 2020 and was informed on May 6, 2020 that the Eritrean Embassy was closed due to efforts to contain the COVID-19 virus.

ERO continued to make monthly requests for the status of travel documents, but the Embassy remained closed. *Id.* Then, on December 3, 2020, RIO requested from Haile additional information regarding his parents and family contacts in Eritrea. *Id.*

II. Law and Analysis

Haile challenges his continued detention pending removal pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–*

*Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

To carry his burden under *Zadvydas*, a petitioner "must demonstrate that 'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Idowu v. Ridge*, No. 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (quoting *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). Speculation and conjecture are not sufficient to carry this burden; nor is a "lack of visible progress" alone sufficient to show no significant likelihood of removal in the reasonably foreseeable future. *Id.* (citation and internal quotation marks omitted).

According to the Declaration, ICE is actively attempting to obtain a travel document. ECF No. 16-1. As of the last update, additional biographical information was requested regarding Haile's family contacts in Eritrea. *Id.* The efforts made by the Government to secure travel documents and comply with *Zadvydas* must be

viewed through the lens of our present world. *See Lopez v. Barr*, 6:20-CV-01214, 2021 WL 282537, at *2 (W.D. La. Jan. 6, 2021), *report and recommendation adopted*, 2021 WL 281270 (W.D. La. Jan. 27, 2021) (citing *Henry v. Barr*, 2020 WL 6877703 (N.D. Tex. Oct. 30, 2020). "The world is grappling with a COVID-19 pandemic, which has impacted both national and international travel." *Id.* "Indeed, the pandemic has delayed essentially everything." *Id.* (citing *Shah v. Wolf*, 2020 WL 4456530, at *3 (N.D. Tex. July 13, 2020), *report and recommendation adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020) (denying *Zadvydas* claim despite delay caused by COVID-19; petitioner's arguments that pre-pandemic travel authorization was "obsolete" was supported only by speculation and conjecture and did not suffice to carry his burden).

This Court and others have denied *Zadvydas* claims of Eritreans whose removals have been delayed because of the COVID-19 pandemic. *Tekleweini-Weldemichael v. Brook*, 20-CV-660, 2020 WL 5988894, at *5 (W.D. La. Sept. 9, 2020); *Pitsum v. Asher*, 20-CV-1314, 2020 WL 7248355, at *3 (W.D. Wash. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7241333 (W.D. Wash. Dec. 9, 2020); *Michael v. ICE Field Office Dir.*, 20-CV-565, 2020 WL 6566166, at *2 (W.D. Wash. Aug. 27, 2020), *report and recommendation adopted*, 2020 WL 6561662 (W.D. Wash. Nov. 9, 2020); *Gebrelibanos v. Wolf*, 20-CV-1575, 2020 WL 7059531, at *5 (S.D. Cal. Dec. 2, 2020) (appeal pending).

Haile has only offered a conclusory statement that it is "virtually impossible" for Eritrea to issue a travel document for his removal. ECF No. 8-1 at 5. Although the process has likely been delayed due to the pandemic, Haile has not alleged "good

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie*, 418 F. App'x at 318. Speculation and conjecture are not sufficient to carry his burden. Should Haile's circumstances change, or should he obtain information indicating that his removal is not likely to occur in the reasonably foreseeable future, he may re-file his Petition.

### III. Conclusion

Because Haile is not entitled to release, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE